**UNITED STATES COURT OF INTERNATIONAL TRADE**
----------------------------------------------------------------X
                                     :

**TARGET GENERAL MERCHANDISE, INC.**  :

                                    :

               **Plaintiff,**         :

                                    :

             **v.**                  :        **Court No. 14-00283**

                                    :

**UNITED STATES,**                     :

                                    :

               **Defendant**       :

                                    :
----------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
----------------------------------------------------------------X
                                     :

**TARGET GENERAL MERCHANDISE, INC.**  :

                                    :

               **Plaintiff,**         :

                                    :

             **v.**                  :        **Court No. 14-00284**

                                    :

**UNITED STATES,**                     :

                                    :

               **Defendant**       :

                                    :
----------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
----------------------------------------------------------------X
                                     :

**US LED LTD.**                         :

                                    :

               **Plaintiff,**         :

                                    :

             **v.**                  :        **Court No. 14-00327**

                                    :

**UNITED STATES,**                     :

                                    :

               **Defendant**       :

                                    :
----------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
----------------------------------------------------------------X
:
LAMRITE WEST INC.                                        :
:
            Plaintiff,                     :
:
        v.                                       :        Court No. 15-00143
:
UNITED STATES,                                           :
:
            Defendant                      :
:
----------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
----------------------------------------------------------------X
:
PRECISION LIGHTING & TRANSFORMER INC. :
:
            Plaintiff,                     :
:
        v.                                       :        Court No. 15-00146
:
UNITED STATES,                                           :
:
            Defendant                      :
:
----------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
----------------------------------------------------------------X
:
USA LED LTD               ,                              :
:
            Plaintiff,                     :
:
        v.                                       :        Court No. 15-00150
:
UNITED STATES,                                           :
:
            Defendant                      :
:
----------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
-------------------------------------------------------------------X
                                                                   :
**GORDON COMPANIES INC,**                                          :
                                                                   :
                            **Plaintiff,**                         :
                                                                   :
                    **v.**                                         :         **Court No. 15-00170**
                                                                   :
**UNITED STATES,**                                                 :
                                                                   :
                            **Defendant**                          :
                                                                   :
-------------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
-------------------------------------------------------------------X
                                                                   :
**LED POWER INC,**                                                 :
                                                                   :
                            **Plaintiff,**                         :
                                                                   :
                    **v.**                                         :         **Court No. 15-00192**
                                                                   :
**UNITED STATES,**                                                 :
                                                                   :
                            **Defendant**                          :
                                                                   :
-------------------------------------------------------------------X

**UNITED STATES COURT OF INTERNATIONAL TRADE**
-------------------------------------------------------------------X
                                                                   :
**ACCENT-FAIRCHILD GROUP INC.**                                    :
                                                                   :
                            **Plaintiff,**                         :
                                                                   :
                    **v.**                                         :         **Court No. 17-00127**
                                                                   :
**UNITED STATES,**                                                 :
                                                                   :
                            **Defendant**                          :
                                                                   :
-------------------------------------------------------------------X

UNITED STATES COURT OF INTERNATIONAL TRADE
-------------------------------------------------------------------X
                                                                :
ACCENT FAIRCHILD GROUP INC.                                     :
                                                                :
                                    Plaintiff,                  :
                                                                :
                        v.                                      :          Court No. 17-00280
                                                                :
UNITED STATES,                                                  :
                                                                :
                                    Defendant                   :
                                                                :
-------------------------------------------------------------------X

## PLAINTIFFS' MOTION PURSUANT TO RULE 60 TO SET ASIDE JUDGMENTS OF DISMISSAL ENTERED BY THE CLERK

In accordance with Rule 60 of the Rules of the United States Court of International Trade ("USCIT"), plaintiffs herein respectfully move for relief from the judgments of dismissal entered by the Clerk of the Court of November 5, 2020, which had effect as of October 22, 2020. As discussed herein, these actions, all of which concern the classification of various kinds of light-emitting diode ("LED") lamps, were intended to be suspended under a newly-formed consolidated test case, *Target General Merchandise Inc., v. United States*, Consol. Court No. 15-00069, established December 31, 2019 through the consolidation of that case and *Target General Merchandise Inc. v. United States*, Court No. 19-00199.

Plaintiffs' failure to remove these cases from the Customs Case Management Calendar ("CMCC") was the result of excusable neglect, following the withdrawal on July 9, 2020, of the attorney with principal responsibility for these actions. As noted herein, plaintiffs and their counsel have been working diligently to provide a vehicle for litigation and resolution of these actions.

For the reasons set forth herein, plaintiff respectfully prays this this Court enter an appropriate order setting aside the judgments of dismissal, and allow these cases to be restored to the CMCC, so that they may thereafter be suspended under test case *Target General Merchandise Inc., v. United States* 15-00069.

I.    **Background**

As noted above, these actions all involve the classification, under the Harmonized Tariff Schedule of the United States ("HTSUS"), of various types of light-emitting diode ("LED") lights. These lights were generally classified in liquidation under various subheadings in Heading 9405, HTSUS. The protests underlying the instant cases assert that the imported articles are classified under Subheading 8543.70.70, HTSUS, as "electric luminescent lamps". The cases were held in abeyance pending resolution of *Gerson Co. v. United States*, 898 F.3d 1232 (Fed Cir. 2018), which involved a type of LED lamp not included in these cases, but which explained the scope of Subheading 8543.70.70, HTSUS. Shortly thereafter, this court decided *Target General Merchandise Inc. v. United States,* 392 F. Supp. 3d 1326 (July 2, 2019), which also disposed of issues relevant to the classification of certain issues in these actions.

In order to properly reconfigure the instant cases, and other pending cases for determination by the Court in light of these precedents, plaintiffs in late 2019 moved to extend by one year the time in which these cases could remain on the CMCC. At the time of their dismissal, these actions were eligible to remain on the CMCC for an additional year.

In addition to the case law developments noted above, effective January 1, 2017, a new subheading 8539.50, HTSUS, had been added to the HTSUS which provided specifically for "LED lamps". This provision had its own scope and effect, but also impacted the scope of subheading 8543.70.70, HTSUS, and other provisions at issue. To ensure efficiency and promote the best use

of judicial resources, plaintiff's counsel worked in the latter part of 2019 to put together a test case which would include the new subheading 8539.50, HTSUS provision. This was done by filing *Target General Merchandise Inc. v. United States,* Court No. 19-00199, moving to consolidate it with *Target General Merchandise Inc. v. United States,* Court No. 15-00069, and filing consolidated pleadings. The order granting consolidation under Court No. 15-00069 was entered on December 31, 2019.

A few months before the deadline for extending these cases on the CCMC, the attorney at undersigned counsel's firm with principal responsibility for these actions, Maria E. Celis, noticed her withdrawal from the cases, as she transitioned to a new position. Ordinarily, counsel would have designated a new attorney with responsibility for entering a motion to extend the cases on the CCMC, or to suspend them. At the time the deadline approached, however, counsel found itself stretched to meet numerous other deadlines, including Federal Circuit matters such as *TR International Inc. v. United States*, Court No. 20-1830, *National Association of Manufacturers v. United States*, Court. No. 20-1734, *Lockhart Textiles Inc. v. United States*, No. 20-2088, and matters before this court, including *YC Rubber Inc. v. United States*, Consol. Court No. 19-69, *DAK Americas Inc. v. United States*, Court No. 18-238, *SGS Sports Inc., v. United States,* Court No. 18-128, and *Second Nature Designs Inc*. v. United States, Court No. 17-271.

In addition, plaintiffs' counsel were litigating the case of *Cyber Power Systems (USA) Inc. v. United States*, Court No. 20-124, on an expedited basis, and toward later September and early October 2019, counsel filed more than 100 actions challenging the Section 301 tariffs imposed on goods from China. All of this work was undertaken during the COVID-19 crisis, with most of the attorneys in plaintiffs' counsel's firm working remotely. Although the firm holds twice-weekly firm wide video calls, the scheduling of these cases was inadvertently omitted from the agenda for

3

such calls. While counsel regrets the neglect which resulted in the inadvertent dismissal of these

actions, for the reasons set forth below, plaintiffs submit that the neglect was excusable in the

circumstances.

II.  **Analysis**

    a.  **This Court Has Authority to Set Aside The Notices of Dismissal of this Action**

Rule 60(b) of the Rules of the USCIT provides:

> Rule 60. Relief from a Judgment or Order
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or excusable neglect;

This Court's power to grant such relief arises from its endowment with all the powers in

law and equity of a Federal District Court. As noted in *Rhone-Poulenc Inc. v. United States*, 880

F.2d 401, 405-406 (Fed. Cir. 1989), which dealt with setting aside a judgment of dismissal for

cases on this Court's Suspension Disposition Calendar:

> The "power to cure" found missing in *Torch* [*Quigley & Manard v. United States*, 61 CCPA 65 (CCPA 1974] has now been supplied by "legislation in the Congress." As above indicated, Congress has expressly and unequivocally provided that "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." 28 U.S.C. § 1585. It is not and cannot be disputed that a district court has the power in equity to grant, under Rule 60(b), Fed. R. Civ. P., the type of relief Rhone seeks. Under Section 1585, the Court of International Trade now has that same power in equity. Thus, as not infrequently occurs in the field of international trade, Congress has acted to fill a gap in the law identified in a court holding, *see,* e.g., *United States v. Zenith Radio Corp.*, 562 F.2d 1209, 1216, n. 13 (CCPA 1977), *aff'd,* 437 U.S. 443, 98 S.Ct. 2441, 57 L.Ed.2d 337 (1978), and, upon enactment of § 1585, *Torch* became no longer a viable precedent. The trial court therefore erred in finding that *Torch* expressed "the controlling law."

**b. The Dismissals of the Instant Cases Resulted from "Excusable Neglect"**

Rule 60(b) allows a judgment of dismissal to be set aside in cases of "excusable neglect",

just as Rule 6(b)(1)(B) of the Rules of the USCIT states that a motion to extend the time to perform

an act that may or must be done within a specified time may be made out of time "if the party

failed to act because of excusable neglect or circumstances beyond the control of the party." *See*

*Ceramica Regiomontana, S.A. v. United States*, 8 C.I.T. 309, 311 (1984) .

The language and standard of "excusable neglect" in the Rules of the USCIT is derived

from the equivalent Federal Rules of Civil Procedure ("FRCP").  U.S. Ct. Int'l Trade R. preface;

*cf. United States v. Neman Bros. & Assocs.*, 15 C.I.T. 536, 538 (1991).  The authoritative guidance

on the meaning of "excusable neglect" in Federal court rules is *Pioneer Investment Services Co.*

*v. Brunswick Associates L.P.*, 507 U.S. 380 (1993), in which the U.S. Supreme Court addressed

that very question with respect to Federal Rule of Bankruptcy Procedure ("FRBP") 9006(b)(1)—

which authorizes a bankruptcy court to grant a party an extension of time to perform a time-limited

act "where the failure to act was the result of excusable neglect." *See id.*, 507 U.S. at 391.  The

Supreme Court granted *certiorari* to address a circuit split in which the Fourth, Seventh, Eighth,

and Eleventh Circuits took a narrow view of what constitutes excusable neglect, while the Sixth

and Tenth applied a "more flexible" approach.  507 U.S. at 387 n.3.

The Supreme Court endorsed the broader practice of the latter, explaining that "excusable

neglect" is "a somewhat 'elastic concept.'"  *Id.* at 392; 4A Charles A. Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 1165 (2d ed. 1987).  "Congress plainly contemplated that the

courts would be permitted, where appropriate, to accept late filings caused by inadvertence,

mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

*Pioneer Inv. Servs.*, 507 U.S. at 384; *see Losacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir.

1995) (excusable neglect "may encompass delays 'caused by inadvertence, mistake, or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit" (quoting *Pioneer Inv. Servs.*)).  *But see* 1 James W. Moore, *Moore's Federal Practice* ¶ 6.06(3)(c) (2d ed. 1988) ("Ignorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity.").

After noting that "neglect" is "not limited strictly to omissions caused by circumstances beyond the control of the movant," 507 U.S. at 392, the Court turned to the meaning of "excusable":

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395 (footnote omitted); *Former Emps. of Tyco Elecs. v. U.S. Dep't of Labor*, 27 C.I.T. 380, 382 (2003) ("excusable neglect" under  Rule 6(b)(1)(B)) of the Rules of the USCIT; *E.I. DuPont DeNemours & Co. v. United States*, 22 C.I.T. 601, 603 (1998) ("excusable neglect" under Federal Rule of Appellate Procedure (FRAP) 4(a)(5)).  Ultimately the Court affirmed the appellate court's holding that the neglect at issue was excusable, explaining that "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." 507 U.S. at 398.  Moreover, the Court "considered significant" that the deadline missed was noticed with a "dramatic ambiguity" and "outside the ordinary course in bankruptcy cases." *Ibid.*  Thus, without saying that "counsel was not remiss in failing to apprehend the notice," *ibid.*, the Court allowed

6

the late filing.  Although undersigned counsel was similarly remiss in failing to apprehend the CMCC deadline, these factors weigh in favor of finding such negligence also excusable.

**Reason for the Delay in Filing.** The most important consideration in whether to grant a motion for relief from a judgment in these circumstances is the reason for the failure to timely file. See *Dimmit v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005), *et al.*.  Plaintiff's failure to timely move to extend the CMCC period for these cases reasonably resulted from events both practical and circumstantial.

CMCC practice can, and usually does, take place entirely outside of the oversight of a judge because no judge is yet assigned to a case. While ordinarily the granting or withholding of an extension of time is within the court's discretion, 2 *Moore's Federal Practice* ¶ 6.08, under Rule 82(b)(1) of the USCIT the Clerk *itself* is authorized to grant or deny all the of relief requested in certain CMCC motions because they are "[m]otions on consent in unassigned cases extending the time within which to plead [or] move"—leave to file the Motion being an extension of the time to move, and extension of the CMCC deadline being an extension of the time to plead.  Overturning dismissal requires the intervention of a judge (just as the Clerk's decisions are ultimately subject to the Court's approval for good cause. Rules 78, 82(b) of the USCIT).

"An attorney has a responsibility to monitor proceedings with some degree of diligence" independent of the Clerk's help.  *Prior Prods., Inc. v. Sw. Wheel-NCL Co.*, 805 F.2d 543, 546 (5th Cir. 1986); *see Wash. Int'l Ins. Co. v. United States*, 16 C.I.T. 480, 483 (1992).  We do not suggest that we alone are not responsible for meeting litigation deadlines, or that the fault is not solely ours.  "[A] party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution.  That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its

fulfillment." *Caterpillar Inc. v. United States*, 22 C.I.T. 1169, 1170 (1998); *Avanti Prods., Inc. v. United States*, 16 C.I.T. 453, 453–54 (1992).

Plaintiff's law firm does have a robust system for docketing court deadlines. Its professional liability insurance policy requires, as a condition of coverage, that the firm have two independent monitoring systems. The firm's first system, based on the Time Matters software platform, is administered by Ms. Judy C. Han, the firm's Administrator since its founding in 1988. She is responsible for entering deadlines—not just for court matters, but for administrative protests and other proceedings—into Time Matters, which generates deadline reports on demand. These reports are circulated regularly to the attorneys at the firm. A second system is predicated on feeds from court CM/ECF systems, including this Court's system, which allows the firm to establish a consolidated calendar based on the records of the courts themselves. The firm regularly holds bi-weekly calendar meetings, at which upcoming deadlines are reviewed and identified, and attorneys are tasked with filing necessary motions or taking other required actions. In this case, the formerly responsible attorney having withdrawn from the cases, she did not participate in the meetings after her withdrawal and responsibility for these cases was not reassigned within the firm.

In addition, as noted above, the period leading up to the CMCC calendar deadline for these cases was an unusually busy one for counsel. Counsel understand that "disruption" or "upheaval" in one's law practice, *Pioneer Inv. Servs.*, 507 U.S. at 384, 398, or being "busy" on many matters at once, *Baker v. Raulie*, 879 F.2d 1396, 1399 (6th Cir. 1989); *Pinero Schroeder v. Fed. Nat'l Mortg. Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978), does not alone ordinarily constitute excusable neglect, especially for a procedural matter. However, the confluence of this circumstance with other factors in these unusual times at worst advises that the Court look to the remaining factors in considering whether counsel's neglect is excusable.

**Prejudice to the Defendant.** No harm will befall the parties or the judicial institution by restoring these actions to the Court's calendar. Defendant will in any event be litigating the issue of classification of LED lamps in the *Target General Merchandise* test case, Court No. 15-00069, and these cases will be suspended pending the outcome ranting leave.  The Government's deferral to the discretion of this Court  regarding Plaintiff's motion demonstrates that the Government will suffer no prejudice. The Government has worked just as long, hard, and diligently as Plaintiff to establish the consolidated test case, and understands the amount of work done and yet to be done to dispose of the issues in these cases. The Government has not moved, to dismiss the cases for lack of prosecution, as it did in *Hamil Textiles, U.S.A. v. United States*, 18 C.I.T. 736 (1994).

**Impact on the Court.** Nor will allowing the untimely filing interfere with the efficiency of judicial administration; the substance of the Motion is to restore these actions to the CMCC, which by definition requires the most minimal amount of judicial supervision, precedent to suspending them under the Court No. 15-00069 test case. Restoring these cases to the Court's calendar will serve only to preserve the Court's subject-matter jurisdiction over denied administrative protests.  "In accordance with USCIT Rule 1, Rule [6(b)(1)(B)] 'shall be construed and administered to secure the just, speedy, and inexpensive determination' of th[ese] action[s]," *Former Emps. of Tyco Elecs.*, 27 C.I.T. at 382, which is what granting the requested relief  would achieve.  *See* 4A *Federal Practice and Procedure* § 1165; 2 *Moore's Federal Practice* ¶ 6.08. "In accordance with the mandate of Rule 1, that the Rules should be construed 'to secure the just, speedy and inexpensive determination of every action,' the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice." *Id.*  The USCIT "favors efficient resolution of actions under the rules and will work with opposing counsel who pursue their

responsibilities to that end with due diligence," *Telectronics Pacing Sys. v. United States*, 20 C.I.T. 393, 393 (1996); *E. Gluck Corp. v. United States*, 13 C.I.T. 922, 923 (1989).

**Good Faith.** "To establish excusable neglect … a movant must show good faith and a reasonable basis for noncompliance."  *Rittmaster v. Painewebber Grp., Inc.*, 147 F.3d 132, 135 (2d Cir. 1998).  Plaintiff's good faith is evidenced primarily by the amount of work it has done, both internally and with counsel for the Government, in seeking to address the classification issue posed by these cases. There has been no neglect or lassitude in the handling of these cases, and counsel for the parties have maintained regular dialogue concerning them.

## III.   Conclusion

Plaintiff has conferred with Peter Mancuso, Esq., counsel for defendants, who has indicated that defendant defers to the discretion of the Court as to this motion. For the reasons set forth herein plaintiffs submit that it is appropriate for the Court to grant this motion for relief from judgments under USCIT Rule 60(b)

Respectfully submitted,

/s/John M. Peterson
John M. Peterson
NEVILLE PETERSON LLP
Counsel for Plaintiffs
One Exchange Plaza at 55 Broadway
New York, New York 10006
(212) 635-2730
(212) 635-0113 (Fax)